IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMIE D. ROSS & <br> PAMELA A. ROSS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) No. 1:06-cv-00963 (JDB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS COMPLAINT**

The United States submits this reply and the attached declaration of Gary A. Longley in support of its motion for summary judgment.

Plaintiffs filed suit seeking damages for alleged wrongful collection of federal taxes beginning with tax year 1999. Plaintiffs failed to assert that they filed a proper administrative claim for damages as required by 26 U.S.C. § 7433 and 26 C.F.R. § 301.7433-1(e). The United States moved to dismiss the suit based upon plaintiffs' failure. Plaintiffs' only argument in opposition to the motion to dismiss is that "[p]laintiff has filed an administrative claim with the Internal Revenue Service, Area 8, Area Director, Nashville, 802 Broadway, MDP1, Nashville, TN 37203." (Pl. Opp. to Mot. to Dismiss.) Plaintiffs did not attach a copy of the claim allegedly filed with the Internal Revenue Service.

First, according to 26 C.F.R. § 301.7433-1(e), plaintiffs are required to file an administrative claim for damages with the Service by mailing a proper claim to the

Area Director, Attn: Compliance Technical Support Manager, in the district in which the taxpayer resides.  Plaintiffs admit that they did not direct it to the attention of the Compliance Support Manager.  More significantly, the Service's district office in which the taxpayer resides - Nashville, Tennessee – does not have a record of either plaintiff filing an administrative claim for damages between August 14, 2004 and today.  (Longley Decl. ¶ 4.)1/

Second, assuming *arguendo* plaintiffs did file an administrative claim, because they failed to attach a copy of the claim, it is unclear as to whether plaintiffs included the required information.  Plaintiffs are required to provide the following information: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2); *c.f. Evans v. United States*, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding 26 C.F.R. § 301.7433-1 to be a reasonable interpretation entitled to deference); *Lohmann v. United States*, 2006 WL 1826770, *3 (D.D.C. 2006) (same); *Broward v. United States*, 2006 WL 1827733, *3 (D.D.C. 2006) (same); *Ting v. United States*, 2006 WL 1774516, * 2-3 (D.D.C. 2006).

---

1/ If the Court treats the issue of whether plaintiffs exhaust administrative remedies by filing a proper administrative claim for damages as a jurisdictional issue as the United States urged in its motion to dismiss, then the Court may consider matters outside the pleading without converting the matter to a motion for summary judgment. *C.f. McGuirl v. United States*, 360 F.Supp.2d 125, 127-28 (D.D.C. 2004) (*citing Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

1879924.1

Third, again assuming *arguendo* plaintiffs filed an administrative claim, they did not identify the filing date. Thus, it is unclear whether the statute of limitations has expired. Taxpayers seeking damages for alleged wrongful collection of federal taxes must file an administrative claim prior to filing suit and must wait until the earlier of a decision by the Service or six months prior to filing suit in district court. 26 C.F.R. § 301.7433-1(d). Taxpayers must file suit within two years of when the "cause of action accrues." 26 C.F.R. § 301.7433-1(g). The Court may also lack jurisdiction because the allegedly-filed administrative claim was filed more than two years from when the "cause of action accrue[d]" or because plaintiffs have not waited six months since filing their administrative claim.

Fourth, assuming the Court agrees with the United States' position that a failure to exhaust administrative remedies results in a lack of subject matter jurisdiction and assuming plaintiffs assert that they filed an administrative claim after filing the present action on May 22, 2006, the Court would still lack subject matter jurisdiction. Plaintiffs cannot file suit and then exhaust administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ⋯ unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous. We are not free to rewrite the statutory text."). Moreover, facts alleging subject matter jurisdiction must be pleaded in the complaint. Fed. R. Civ. P. 8(a)(1). In this case, plaintiffs failed to allege in their complaint that they

filed an administrative claim for damages as described in 26 C.F.R. § 301.7433-1.

Because plaintiffs failed to allege that they filed an administrative claim for damages prior to filing suit and the Service does not have record of the plaintiffs filing an administrative claim, the Court should dismiss the complaint.

DATE: August 24, 2006.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　 /s/ Jennifer L. Vozne
　　　　　　　　　　　　　　　　JENNIFER L. VOZNE
　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　Phone/Fax:  (202) 307-6555/514-6866
　　　　　　　　　　　　　　　　Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT and DECLARATION OF GARY A. LONGLEY were caused to be served upon plaintiffs *pro se* on the 24th day of August, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>JIMMIE D. ROSS
>PAMELA A. ROSS
>*Plaintiff pro se*
>230 Lexington Place
>Sevierville, TN 37862

          /s/ Jennifer L. Vozne
          JENNIFER L. VOZNE

1879924.1