IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Jimmie D Ross,  )
Pamela A Ross   )   Case No:1:06-cv-00963  JDB
                )
        Plaintiff,  )
                )
v.              )
                )
UNITED STATES (Government),  )
                )
        Defendant.  )

## RESPONSE TO MOTION TO DISMISS

At the outset, it is important to note that

> "For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed.Rule Civ.Proc. 8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

Jenkins v. McKeithen, 395 U.S. 411, at 421-22.

Thus, each of the 41 counts alleging disregard of provisions of the Internal Revenue Code and regulations promulgated thereunder "are taken as admitted".

That each of the 41 admitted instances of disregard were further admitted to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence, is itself "taken as admitted".

RECEIVED
SEP 14 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

That each of the 41 admitted disregards were further admitted to be intended to defeat the application of the respective provision of the Internal Revenue Code, is "taken as admitted"

The sole "saving grace" of defendant's 123 admissions is that they are "taken as admitted…[f]or the purposes of a motion to dismiss" only, Jenkins, and defendant's primary assertion in the motion is "that the Court lacks subject matter jurisdiction." Motion, p.1; Memorandum, p.3, despite the adjudicative fact that this Court has found that it does, in fact and law, have subject matter jurisdiction. Discussed in more detail under "Jurisdiction Not In Question" below.

### Counsel Asserts Lack of Jurisdiction Over A Non-existent Claim

Counsel knowingly mischaracterizes the case at bar as relating to "wrongful collection of federal taxes" and makes the false assertion that I/We seek damages therefor. Counsel's misrepresentative term of art, e.g., "wrongful collection", is nowhere found in either the original or Amended Complaint.

That Counsel' misrepresentation is deliberate is demonstrated on p. 2 of the motion, at Fn 1; counsel seeks by footnote[1] to convert the case at bar into a refund action under IRC section 7422. Unremarkably, reference to section 7422, or its subject, is also nowhere found in the Amended Complaint, and presumably arises from counsel's misreading of the original complaint.

It appears that counsel's term of art "wrongful collection" arises from counsel's

---

[1] The remainder of issues raised in counsel's first footnote are addressed below.

misreading of the original complaint,[2] mistaking the language of Internal Revenue Service Policy p-5-36, as a Plaintiff assertion. This Service Policy is admissible as a party admission under Fed.R.Evid. 801(d)(2)(D)). See United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989) (Government manuals are admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)).

However, counsel essentially concedes the false and frivolous nature of her "refund" defense by conceding venue.

### Counsel Mischaraterizes Case At Bar as Unauthorized FTCA Action to Challenge

### Unsought Jurisdiction

Counsel's rather schizophrenic footnote tangent into and back out of the Federal Tort Claims Act notwithstanding, jurisdiction over the subject matter in the case at bar has been found under IRC section 7433 by this Court, and counsel knows it. Jurisdiction under the Federal Tort Claims Act is uninvoked in this case, and counsel's arguments for and against are irrelevant.

### Jurisdiction Not In Question

Counsel demonstrates a clear awareness of Turner, in which this Court held that subject matter jurisdiction was not in question[3]; she simply disagrees with the Court's application of Arbaugh v. , and creatively but firmly asserts that she knows more than the

---

[2] Giving no apparent heed to the Court's caution with respect to the "inoperative" original complaint.

[3] Although Turner was ultimately dismissed for failure to state a claim, the Court cited Madigan as establishing an exception to the general rule of administrative exhaustion when an agency, as in the case at bar, is so biased as to be incapable of fair adjudication.

court. The Supreme Court's admonition in Arbaugh not to engage in "drive-by" jurisdictional rulings made no distinction regarding party status; it did not distinguish "unless a sovereign is a party" in finding that an express prohibition is necessary for a court to avoid subject matter jurisdiction.

Foraying next into Constitutional absurdity, counsel invokes the Anti-Injunction Act to tell the Court that it is devoid of power to compel an agency of the government to obey the law, even *after*[4] the Court has 1) found that provisions have been disregarded with intent to defeat the application thereof; and *after* the Court has 2) directed defendants to pay damages; and *after* the Court has 3) directed replevin.

### Attempt to Defeat Judicial Review Powers Leads to Fatal Admissions of Jurisdiction

In her assault upon other bases for jurisdiction, counsel overlooks the qualification included in the invocation of 5 USC §§ 704 (for final agency actions for which there is no other adequate remedy in a court), 705 (to compel agency action unlawfully withheld or unreasonably denied), and 706 (for judicial review of final agency actions for which there is no other adequate remedy in a court). These issues under APA are in regard to other, AND much more than "assessment or collection of taxes", and the assertion of jurisdiction under APA is an assertion of stand-alone jurisdiction; the court has judicial review jurisdiction under 5 USC §§ 704-706 regardless of the damage claim.

Moreover, counsel's overreaching and incorrect assertion "None of these statutes [the Administrative Procedures Act (sic), 28 U.S.C. §§ 1331, the All Writs Act and

---

[4]The Court will note that this clause of remedy is preceded by findings of fact and conclusions of law.

mandamus] provides jurisdiction over actions *concerning the assessment and/or collection of federal taxes*" even if true, necessarily concedes the court's jurisdiction over counts 1 through 9; 14 through 18; and 27 through 41.

Counsel's further concession of federal question jurisdiction in respect of the Federal Records Act and National Archives Act is fatal to counsel's attempt to misdirect the court in respect of the Freedom of Information Act and Privacy Act. Unarguably, the Court has the power to rule upon record-keeping statutes, SEE: American Friends Service Committee v. Webster, 720 F.2d 29 (D.C. Cir. 1983), and Haase v. Webster, 807 F.2d 208 (D.C. Cir. 1986), and its authority to issue a writ in aid of that jurisdiction is manifest.

Conclusion

Taken, even in the context of a motion to dismiss alone, the 123 admissions of arbitrary, capricious disregard of provisions of the Internal Revenue Code and regulations promulgated thereunder; of abuse of discretion intended to defeat the application of the respective provision; disregards willfully not in accordance with or in excess of statutory authority, and without observance of procedure required by law, establish agency bias sufficient to demonstrate that Internal Revenue Service is incapable of fairly adjudicating any claim for damages against itself. This Court has recognized that such incapacitating bias creates an exception to the non-jurisdictional requirement of exhaustion of administrative remedies.

In the context of counsel's misreading, misconstruction, mischaracterization and misrepresentations, these 123 admissions, and the concessions to jurisdiction demonstrate that the motion to dismiss should be denied.

Respectfully Submitted.

Dated  September 12, 2006

_____
Jimmie D Ross
230 Lexington Place
Sevierville, TN 37862

_____
Pamela A Ross
230 Lexington Place
Sevierville, TN 37862

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Jennifer L. Vozne
~~Pat S Genis~~
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated September 12, 2006

_Jimmie D Ross_ (signature)
Jimmie D Ross