UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMIE D. ROSS, et al.,

Plaintiffs,

v.

UNITED STATES,

Defendant.

Civil Action No.  06-0963 (JDB)

MEMORANDUM OPINION

This action is one of more than seventy cases in which dozens of individuals across the

nation have filed complaints (in a pro se capacity) in this Court seeking damages for alleged

misconduct by the Internal Revenue Service ("IRS") in the collection of taxes.  Plaintiffs also seek

replevin of property that the IRS has allegedly taken from them and an injunction against further

IRS actions in disregard of the law.  Plaintiffs have invoked the damages cause of action in the

Taxpayer Bill of Rights ("TBOR"), 26 U.S.C. § 7433, as the primary basis for relief, as other

similar plaintiffs typically have done.  Plaintiffs in this action also have invoked a panoply of

other statutory authorities to support their claims for relief:  the Administrative Procedure Act, 5

U.S.C. §§ 704-06; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361;

and unspecified provisions of the Freedom of Information Act, the Privacy Act, the Federal

Records Act, and the National Archives Act.  Presently pending before the Court is defendant's

motion to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to

state a claim upon which relief can be granted.

**BACKGROUND**

I.    **Statutory and Regulatory Background**

Section 7433(a) of the Internal Revenue Code ("Code") authorizes taxpayers to bring an

action for civil damages against any officer or employee of the IRS who acts in disregard of the

Code or its implementing regulations in connection with collection activity.  The provision

authorizing this cause of action states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any
> officer or employee of the Internal Revenue Service recklessly or intentionally, or
> by reason of negligence disregards any provision of this title, or any regulation
> promulgated under this title, such taxpayer may bring a civil action for damages
> against the United States in a district court of the United States.  Except as
> provided in section 7432, such civil action shall be the exclusive remedy for
> recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

Section 7433(d)(1), however, limits such actions, by providing that "[a] judgment for

damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the

administrative remedies available to such plaintiff within the Internal Revenue Service."  26

U.S.C. § 7433(d)(1).  In accordance with this provision, the IRS has promulgated regulations that

establish procedures to be followed by a taxpayer who believes that IRS officers or employees

have disregarded provisions of the tax code in their collection activities.  See 26 C.F.R. §

301.7433-1.  Specifically, these regulations require that, prior to bringing suit in court, an

aggrieved taxpayer must first submit his or her claim "in writing to the Area Director, Attn:

Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides,"

and further require that the claim must include:

> (i) The name, current address, current home and work telephone numbers and any
> convenient times to be contacted, and taxpayer identification number of the
> taxpayer making the claim;

(ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

(iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

(iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence);  and

(v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e).  If such a claim is filed and the IRS has either issued a decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 26 U.S.C. § 7433(a).  See 26 C.F.R. § 301.7433-1(d)(1).  The regulations also allow the taxpayer to file suit immediately after the administrative claim is submitted if the administrative submission occurs during the last six months of the two-year limitations period.  26 C.F.R. § 301.7433-1(d)(2).

The Internal Revenue Code also authorizes and limits certain other causes of action. Section 7422, governing suits for refund of taxes wrongfully collected, provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  A taxpayer may file a civil damages action for unauthorized inspection or disclosure of returns and return information where disclosure occurs outside of the context of the collection activities addressed in section 7433, subject to the limitations set forth in the Code.  26 U.S.C. § 7431(a)(1); Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000).  Section

7421, also known as the Anti-Injunction Act, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" except for actions under specific statutory provisions enumerated therein.[1]  Id.

## II.    Factual Background

Plaintiffs allege that defendant United States, through the IRS and its employees, "engaged in and continue[s] to engage in alleged ongoing collection activities through the United States Mail by sending plaintiff(s) a multitude of letters demanding various sums of money for a multitude of years and threatening to seize plaintiff's assets if plaintiff(s) do/does not send the demanded money."  Am. Compl. at 4-5.  Plaintiffs further allege that the IRS has "unlawfully made public return information."  Id. at 5.  Plaintiffs then enumerate 41 "counts" of alleged IRS misconduct, reciting a litany of regulations and statutory provisions, but providing few facts underlying the violations alleged.  Plaintiffs allege that the IRS:

> -- failed to notify plaintiffs of the imposition of a requirement to keep records, make statements, or file returns with respect to any federal tax in disregard of 26 U.S.C. § 6001 and 26 C.F.R. § 1.6001-1 (Counts 1, 2);
>
> -- failed to prepare, execute, and/or disclose a substitute return in plaintiffs' names in disregard of 26 U.S.C. §§ 6103 and 6020, 27 C.F.R. parts 53 and 70, and 26 C.F.R. § 301.6020-1 (Counts 3 through 9);
>
> -- unlawfully forced plaintiffs to use a social security account number that is assignable by the Commissioner of Social Security only to aliens and recipients of federal benefits in disregard of 26 U.S.C. § 6109 (Count 10);
>
> -- failed to limit tax assessments to taxes shown on a tax return and "unpaid taxes payable by stamp," and otherwise making improper tax assessments in disregard of 26 U.S.C. §§ 6201-02 and 27 C.F.R. part 70 (Counts 11 to 13);

---

[1]  The statutory provisions excepted from the Anti-Injunction Act are 26 U.S.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436.  See 26 U.S.C. § 7421(a).  None of these provisions are cited in the amended complaint or otherwise at issue in this matter.

-- failed to record, execute, and provide plaintiffs with records of assessments in disregard of 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1 (Counts 14 to 17);

-- failed to promulgate regulations to implement the Code provision addressing tax deficiency, 26 U.S.C. § 6211 (Count 18);

-- "exceed[ed] the limits imposed upon the Secretary's authority to collect . . . taxes" based on the Secretary's alleged failure to develop and implement procedures governing the supervision and discipline of IRS employees involved in the levy or seizure of taxpayer properties, in disregard of 26 U.S.C. § 6301 (Count 19);

-- failed to implement the provisions of 26 U.S.C. § 6301 (regarding the Secretary's authorization to collect taxes) by disregard of  27 C.F.R. parts 24, 25, 26, 270, 41, 53, and 70 (Counts 20 to 26);

-- failed to provide timely notice of unpaid taxes, including the amount owed and demand for payment in disregard of 26 U.S.C. § 6303 (Count 27);

-- failed to implement the provisions of 26 U.S.C. § 6303 (regarding notice by the IRS and demand for taxes) in disregard of 27 C.F.R. parts 53 and 70 (Counts 28, 29);

-- engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax" by disregard of 26 U.S.C. § 6304 (regarding fair tax collection practices) (Count 30);

-- failed to comply with certain procedural requirements applicable to IRS notices of liens and penalties, including 26 U.S.C. §§ 6320, 6321, 6322, 6323, 6751, and 27 C.F.R. parts 70 and 301 (Count 31 to 38);

-- made unauthorized disclosure of return information by filing notices of liens in amounts for which no record of assessment exists, in disregard of 26 U.S.C. § 7213 (Count 39); and

-- made false claims resulting in the prosecution and incarceration of plaintiffs for tax crimes, by disregard of 26 U.S.C. § 7214 (regarding offenses by revenue officers and agents) (Counts 40 to 41).

Plaintiffs do not make reference to any specific tax years, identify the amount of taxes demanded by the IRS, or specify the liens or properties at issue.  Nonetheless, drawing all inferences in plaintiffs' favor, the claims can fairly be summarized as alleging misconduct by the IRS throughout the tax collection process, beginning with a failure to notify plaintiffs of their duties to keep records and file tax returns, followed by the imposition of an improper assessment

by the IRS which it failed to properly record, lack of notice to plaintiffs of unpaid taxes, improper liens on plaintiffs' property, and then unlawful prosecution. In plaintiffs' own words, "this is an action for damages because the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding plaintiff(s)." Am. Compl. at 1 n.1. Plaintiffs further emphasize that "[t]his is not an action requesting declaratory judgment, refund of taxes under 26 U.S.C. [§] 7422 or an action for injunctive relief." Id.

Based on these allegations, plaintiffs request an order directing defendant to pay damages in the amount of $10,000 for each disregard of each Internal Revenue Code law or regulation, directing replevin of any and all property taken from plaintiffs, and directing payment of such "further damages as the court deems just and proper." Am. Compl. at 19-20. Notwithstanding their disavowal of pursuing injunctive relief, plaintiffs also seek an order "enjoining defendant[] . . . from further acting in disregard of law or regulation." Id. Plaintiffs contend the Court has jurisdiction to award the relief requested under 26 U.S.C. § 7433; the Administrative Procedure Act, 5 U.S.C. §§ 704-06; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361; and unspecified provisions of the Freedom of Information Act, the Privacy Act, the Federal Records Act, and the National Archives Act.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Therefore, the factual allegations must be presumed true, and plaintiff must be given every favorable inference that may be drawn from

the allegations of fact.  Scheuer, 416 U.S. at  236; Sparrow v. United Air Lines, Inc., 216 F.3d

1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion

couched as a factual allegation," nor inferences that are unsupported by the facts set out in the

complaint.  Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting

Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court --

plaintiffs here -- bears the burden of establishing that the court has jurisdiction.  See US Ecology,

Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000); see also Grand Lodge of Fraternal

Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative

obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney

Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  "'[P]laintiff's

factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion'

than in resolving a 12(b)(6) motion for failure to state a claim."  Grand Lodge, 185 F. Supp. 2d at

13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1350 (2d ed. 1987)).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will

not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46

(1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  All that the

Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain

statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and

the grounds upon which it rests."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005)

(quoting Conley, 355 U.S. at 47).  "Given the Federal Rules' simplified standard for pleading, '[a]

court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## DISCUSSION

## I.    Damages Actions Under 26 U.S.C. § 7433

Defendant moves to dismiss plaintiffs' damages claim under 26 U.S.C. § 7433 on the ground that plaintiffs have failed to exhaust their administrative remedies.  Plaintiffs' response does not directly address the exhaustion of administrative remedies, but suggests that dismissal is unwarranted on the ground that the allegations of the amended complaint must be taken as admitted at this stage of litigation.  Pls.' Mem. at 2-4.  Plaintiffs further suggest that defendant's motion is based on the erroneous premise that this lawsuit is a "wrongful collection" action and contend, in the alternative, that the exhaustion requirement should be excused.  Id. at 2-3 & n.3.

At the outset, it is important to note that, in accordance with recent Supreme Court jurisprudence, the alleged failure to satisfy the exhaustion requirement does not technically concern subject matter jurisdiction, and is more properly analyzed as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Turner v. United States, 429 F. Supp. 2d 149, 153-55 (D.D.C. 2006) (finding, based on Arbaugh v. Y&H Corp., 126 S. Ct. 1235 (2006), that an identical failure in an indistinguishable case raised an issue of failure to state a claim under Fed. R. Civ. P. 12(b)(6), rather than lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)). Defendant asks that the Court reconsider this aspect of Turner on the ground that the Court failed to consider the principle that the United States, as sovereign, is immune from suit save as it consents to be sued, and that one of the terms of its consent to suit under section 7433 is exhaustion of administrative remedies.  See Def.'s Mem. at 5 (citing Lehman v. Nakshian, 453

U.S. 156, 160 (1981)).  However, <u>Arbaugh</u> stated unequivocally that "when Congress does not rank a statutory limitation . . . as jurisdictional, courts should treat the restriction as nonjurisdictional in character."  126 S. Ct. at 1245.  Thus, the Supreme Court concluded in <u>Arbaugh</u> that an employee-numerosity limitation on a discrimination claim "appear[ing] in a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts'" was not jurisdictional.  <u>Id.</u>

Consistent with <u>Arbaugh</u>, under the long-standing precedent in this Circuit, even in cases against the federal government, "[the court] presume[s] exhaustion is non-jurisdictional unless 'Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision.'"  <u>Avocados Plus, Inc. v. Veneman</u>, 370 F.3d 1243, 1248 (D.C. Cir. 2004) (quoting <u>I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.</u>, 727 F. 2d 1204, 1208 (D.C. Cir. 1984)).  The Court finds such jurisdictional language absent in the exhaustion provision in section 7433(d).  First, the exhaustion requirement is set forth in a separate subsection of section 7433 under the heading "Limitations," and not in subsection (a) describing district court jurisdiction.  <u>See</u> 26 U.S.C. § 7433(d).  The "Limitations" subsection describes two other limitations -- a restriction on damages based on failure to mitigate and a statute of limitations -- that are generally regarded as nonjurisdictional.  <u>See</u> <u>Arbaugh</u>, 126 S. Ct. at 1242 ("in recent decisions, we have clarified that time prescriptions, however emphatic, 'are not properly typed jurisdictional'"); <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1681 (2006) ("A statute of limitations defense . . . is not 'jurisdictional,' hence courts are under no *obligation* to raise the time bar *sua sponte*.") (emphasis in original).  The placement of the exhaustion requirement in a provision separate from the jurisdiction-conferring provision indicates that exhaustion is not jurisdictional.  <u>See</u> <u>Arbaugh</u>, 126 S. Ct. at 1245.  Moreover, as discussed at

length in Davis v. United States, 2006 WL 2687018, at *7 (D.D.C. Sept. 19, 2006), other provisions within the Internal Revenue Code address restrictions on district court jurisdiction with sweeping language -- for example, the provision in section 7422 that "no suit . . . shall be maintained in any court" for a tax refund unless certain conditions have been satisfied -- in stark contrast to the exhaustion requirement in section 7433(d), which is phrased in terms of the unavailability of a damages award absent exhaustion, not the power of the court to hear the claim. 2006 WL 2687018, at *7 (contrasting jurisdictional nature of §§ 7421 and 7422 with the less restrictive wording of § 7433(d)).  This difference in statutory language further demonstrates that the exhaustion requirement in section 7433 should not be ranked as jurisdictional.  Therefore, the Court will adhere to its original holding that the exhaustion requirement of section 7433 is not jurisdictional but instead is an element of a plaintiff's claim for relief.

        The nonjurisdictional status of the exhaustion requirement does not save plaintiffs' claim. Exhaustion remains a requirement of maintaining a suit for damages under section 7433, and failure to satisfy the requirement will result in dismissal for failure to state a claim.  See, e.g., Turner, 429 F. Supp. 2d at 152-53; Evans v. United States, 433 F. Supp. 2d 17, 20-21 (D.D.C. 2006); Davis, 2006 WL 2687018, at *8-9; Erwin v. United States, 2006 WL 2660296, at *11-13 (D.D.C. Sept. 15, 2006); Lindsey v. United States, --- F. Supp. 2d ---, 2006 WL 2413720, at *18-19 (D.D.C. Aug. 22, 2006).  Thus, the Court will consider defendant's request, in the alternative, to dismiss plaintiffs' section 7433 claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

        Plaintiffs' response to defendant's motion to dismiss contains not even a bare contention that they have satisfied the exhaustion requirement set forth at 26 C.F.R. § 301.7433-1(e). Instead, plaintiffs contend that, because the factual allegations of the complaint must be taken as

admitted, each of their "41 counts" has been admitted by the IRS, and thus, the complaint cannot be dismissed.[2]  Pls.' Mem. at 1-2.  But even the most liberal view of the amended complaint does not save plaintiffs' section 7433 claim because no part of the amended complaint makes any reference to exhaustion.[3]  Nor do plaintiffs contend, in response to defendant's motion to dismiss, that they have satisfied the exhaustion requirement.

Plaintiffs next contend that exhaustion is not required under McCarthy v. Madigan, 503 U.S. 140, 146 (1992), because the IRS is so biased as to be incapable of fair adjudication. But the exhaustion requirement of TBOR does not provide for such exceptions.  To be sure, plaintiffs are correct that courts occasionally relieve plaintiffs of exhaustion requirements.  See, e.g., McCarthy, 503 U.S. at 146 (stating that "administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further").  But this only occurs when the exhaustion requirement is itself a judicial construct.[4]  If exhaustion is a

---

[2]  Of course, to the extent plaintiffs' amended complaint alleges legal conclusions -- indeed, such legal conclusions are predominant -- the Court need not accept those conclusions as true.  Trudeau, 456 F.3d at 193 ("we are not bound to accept as true a legal conclusion couched as a factual allegation").

[3]  Plaintiffs submitted an affidavit in support of the *original* complaint stating that they had filed an administrative claim with an IRS office in Tennessee.  However, plaintiffs' amended complaint does not limit itself to the claims brought in the original complaint -- indeed, unlike the original complaint, the amended complaint does not confine itself to any particular tax year. Moreover, the affidavit does not represent that plaintiffs complied with the exhaustion requirement set forth at 26 C.F.R. § 301.7433-1.  For these reasons, plaintiffs' affidavit in support of its original complaint is inadequate to establish exhaustion for the claims set forth in the amended complaint.

[4]  Moreover, even under circumstances in which the exhaustion requirement is not explicitly mandated by statute, courts have said that an implied "exhaustion requirement may be waived in 'only the most exceptional circumstances.'  . . . Even the probability of administrative

(continued...)

statutory mandate, as it is here, then courts may not carve out exceptions that are unsupported by the statutory text.  See id. at 144 (stating that "[w]here Congress specifically mandates, exhaustion is required"); Avocados Plus, 370 F.3d at 1247-48 (stating that "[i]f [a] statute does mandate exhaustion, a court cannot excuse it") (citing Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000)).  Accordingly, in light of plaintiffs' failure to exhaust administrative remedies, the Court will dismiss plaintiffs' claim under 26 U.S.C. § 7433 for failure to state a claim upon which relief can be granted.

## II.    Injunctive Relief

Plaintiffs also request an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."  Am. Compl. at 19-20.  Plaintiffs do not specify the scope of the injunction sought, but the Court discerns from the amended complaint read as a whole that the alleged unlawful conduct at issue relates to collection of taxes. See Am. Compl. at 1 n.1 (alleging that "the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding plaintiff(s)"); id. at 4-5 ("Defendant, through [the IRS], engaged in and continue[s] to engage in alleged ongoing collection activities through the United States Mail by sending plaintiff(s) a multitude of letters demanding various sums of money for a multitude of years and threatening to seize plaintiff's assets if plaintiff(s) do/does not send the demanded money.")  Defendant submits that such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

The Anti-Injunction Act provides, in relevant part, that "no suit for the purpose of

_____

[4](...continued)
denial of the relief requested does not excuse failure to pursue [the administrative remedies]."
Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 106 (D.C. Cir. 1986) (citations omitted).

restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  Id.  As the Supreme Court has noted, "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  There are two narrow judicially-created exceptions to the bar against suits seeking to enjoin the government from assessing or collecting federal taxes:  (1) where the aggrieved party has no alternative remedy; and (2) where the taxpayer is certain to succeed on the merits and the collection would cause irreparable harm.  See South Carolina v. Regan, 465 U.S. 367, 374-76 (1984) (citing Enochs, 370 U.S. at 7); see also Foodservice and Lodging Inst. v. Regan, 809 F.2d 842, 844-45 (D.C. Cir. 1987) (recognizing that "the narrow exception to the Anti-Injunction Act created in South Carolina v. Regan . . . permit[s] an action for injunctive relief against the IRS if the aggrieved party has no alternative remedy," but holding that a suit for refund is an alternative remedy).

Neither exception applies in this case.  Plaintiffs clearly have alternative remedies available, including an action for a refund of any taxes wrongfully collected and an action for damages based on any IRS negligent, reckless or intentional disregard of the law in connection with collection activities.[5]  See South Carolina v. Regan, 465 U.S. at 374-75 (discussing cases where suit under Anti-Injunction Act was precluded because "plaintiff had the option of paying the tax and bringing a suit for a refund").  As to the second exception, plaintiffs have made no

---

[5]  Plaintiffs' decision not to bring a refund action under 26 U.S.C. § 7422 is entirely irrelevant because the mere "availability" of an alternative remedy precludes injunctive relief in light of the Anti-Injunction Act.  See South Carolina v. Regan, 465 U.S. at 374-76.  Indeed, if a plaintiff's decision to forego the alternative remedy could be a basis for an exception to the Anti-Injunction Act, any plaintiff could circumvent the Act's jurisdictional bar on injunctive relief in tax assessment and collection cases.

showing whatsoever that they are "certain to succeed on the merits" or that they will suffer irreparable harm absent an injunction. Thus, the Court concludes that the requested injunctive relief is barred. Indeed, every decision in this Circuit to address the availability of injunctive relief to plaintiffs challenging the assessment and collection of income taxes by the IRS has held that the court lacks subject matter jurisdiction under the Anti-Injunction Act to grant such relief. See, e.g., Davis, 2006 WL 2687018, at *4-5; Erwin, 2006 WL 2660296, at *8-9; Lindsey, --- F. Supp. 2d ---, 2006 WL 2413720, at *8-9.

## III.   Unavailability of Damages or Other Relief Under Other Statutes

Plaintiffs attempt to maintain their case by invoking the APA, the All Writs Act, the Mandamus Act, FOIA, the Privacy Act, the Federal Records Act, and the National Archives Act. Defendant responds that none of these statutes authorizes a cause of action concerning the assessment or collection of taxes. The Court agrees.

As a threshold matter, one must ask whether the exclusivity provision of section 7433 precludes plaintiffs' claims for damages under other statutory provisions. The exclusivity provision states: "[e]xcept as provided by section 7432 [dealing with damages for failure to release a lien], such civil action [referring to the damages action for improper IRS collection activity described in the first sentence of section 7433] shall be *the exclusive remedy for recovering damages resulting from such actions*." 26 U.S.C. § 7433 (emphasis added). Under this language, the Ninth Circuit has held that a plaintiff seeking damages based on IRS misconduct "in connection with any collection of Federal tax" is precluded from bringing a damages action under any other statutory provision (other than the statutory exception for section 7432 actions). See Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000) (holding that plaintiff's damages claim for unauthorized disclosure under 26 U.S.C. § 7431 was barred by the

section 7433 exclusivity provision because the underlying acts occurred "in connection with" tax collection activity).   The Ninth Circuit found that the legislative history also supported this reading, quoting the conference agreement explanation for the addition of the exclusivity provision to section 7433:  "'[E]xcept as provided by new Code section 7432, an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax.'"  Shwarz, 234 F.3d at 433 (quoting H.R. Conf. Rep. No. 100-1104, at 228-29 (1988), reprinted in 1988 U.S.C.C.A.N. 5048, 5288-8).  That court concluded that this legislative history "makes clear . . . that, except for § 7432 actions, *all other actions for improper collection activity are precluded by § 7433*.  Id. (emphasis added).  This Court agrees, and concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under the APA, the All Writs Act, the Mandamus Act, FOIA, the Privacy Act, the Federal Records Act, or the National Archives Act.

Even putting aside the exclusivity provision, moreover, it is clear that plaintiffs' claims under most of those statutes are barred by well-settled case law.  To begin with, the law is well-established that the APA's waiver of sovereign immunity does not apply to suits for monetary damages.  Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006); Larsen v. United States Navy, 346 F. Sup. 2d 122, 128 (D.D.C. 2004) (explaining that 5 U.S.C. § 702 provides a waiver of sovereign immunity for an "action in a court of the United States seeking relief *other than monetary damages*") (emphasis in original).  To the extent plaintiffs seek injunctive relief under the APA, the claim fails based on the Anti-Injunction Act because "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes."  McGuirl v. United

States, 360 F. Supp. 2d 129, 132 (D.D.C. 2004), aff'd, 167 Fed. Appx. 808 (D.C. Cir. 2005); see also Foodservice and Lodging Inst., 809 F.2d at 844 (holding that a challenge to tax regulations concerning the assessment or collection of taxes as arbitrary and irrational was precluded by the Anti-Injunction Act). Here, plaintiffs deny that their APA challenge involves the collection of taxes. Pls.' Mem. at 2. But the Court need not accept as true "a legal conclusion couched as a factual allegation." Trudeau, 456 F.3d at 193. Indeed, accepting plaintiffs' conclusion makes no sense here, as it is contradicted by the terms of the amended complaint. As noted earlier, the complaint states that IRS employees have "engaged in and continue to engage in alleged ongoing collection activities through the United States Mail by sending plaintiff(s) a multitude of letters demanding various sums of money for a multitude of years and threatening to seize plaintiff's assets" (Am. Compl. at 4-5). Moreover, plaintiffs seek damages under 26 U.S.C. § 7433, which are available only "[i]f, in connection with any collection of a Federal tax," the IRS recklessly, intentionally, or negligently acts in disregard of applicable tax laws. Thus, plaintiffs' conclusory assertion that this case does not involve "wrongful collection" of taxes is of no moment. Their entire case is premised on alleged IRS tax collection activity in disregard of the Internal Revenue Code. To the extent they seek an order that would enjoin any part of that collection activity, or that would, through a mandatory injunction, require defendant to return money or pay damages to plaintiffs, their APA claim is barred.

Plaintiffs fare no better under the Mandamus Act.[6] The Mandamus Act states that "the

_____

[6] Although the amended complaint cites to the Mandamus Act as a basis for jurisdiction, the request for relief makes no reference to mandamus, but simply requests an order directing defendant to pay damages, return plaintiffs' property, and enjoin defendant "from further acting in disregard of law or regulation." Am. Compl. at 19-20. Thus, the Court will consider the mandamus relief sought as encompassing this injunctive relief, including a mandatory injunction to pay damages.

district courts shall have original jurisdiction of any action in the nature of mandamus to compel

an officer or employee of the United States or any agency thereof to perform a duty owed to the

plaintiff." 28 U.S.C. § 1361. It is broadly recognized that a request for relief in the nature of

mandamus is no different than a request for a mandatory injunction. See Swan v. Clinton, 100

F.3d 973, 976 (D.C. Cir. 1996) ("a request for an injunction based on the general federal question

statute is essentially a request for a writ of mandamus in this context, where the injunction is

sought to compel federal officials to perform a statutorily required ministerial duty"); Simmat v.

U.S. Bureau of Prisons, 413 F.3d 1225, 1236 (10th Cir. 2005) (observing that relief in the nature

of mandamus and an injunction ordering the federal government to take action are

"interchangeable"). Hence, courts have held that the Anti-Injunction Act also precludes relief in

the nature of mandamus where plaintiffs have simply cloaked an action for an injunction against

the collection of taxes as a mandamus action. See Souther v. Mihlbachler, 701 F.2d 131, 132

(10th Cir. 1983) (holding that, "[a]lthough denominated a mandamus action, the petition seeks to

enjoin the collection of taxes assessed against the petitioner," and thus the Anti-Injunction Act

precluded suit); Dickens v. United States, 671 F.2d 969, 972 (6th Cir. 1982) ("Although the

plaintiffs attempt to cloak [their] lawsuit as an action in the nature of mandamus the action is

actually tantamount to an action for an injunction to restrain . . . an assessment of taxes . . . and

therefore falls within the bar of [the Anti-Injunction Act].") (internal quotations omitted); Horejs

v. Rubin, 2000 WL 1039478, at *4 (D.D.C. Mar. 31, 2000) ("The Anti-Injunction Act applies

with equal force to petitioners' request for mandamus. Though petitioners' mandamus request

does not explicitly seek to prevent the Secretary from collecting the taxes that have been assessed,

petitioners' allegations 'leave little doubt that a primary purpose of this lawsuit is to prevent the

[IRS] from assessing and collecting income taxes.'") (quoting Bob Jones Univ. v. Simon, 416 U.S.

725, 738 (1974)).  Accordingly, the Court will dismiss plaintiffs' claims insofar as they are based

on the Mandamus Act.[7]

Nor does the All Writs Act, 28 U.S.C. § 1651(a), provide a basis for plaintiffs' claims.  It

is well-settled that "the Act itself is not a grant of jurisdiction."  In re Tennant, 359 F.3d 523, 527

(D.C. Cir. 2004).  The All Writs Act provides that the federal courts "may issue all writs necessary

or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

law."  28 U.S.C. § 1651(a) (emphasis added).  This statutory language makes clear that the

authority to issue writs is confined to the issuance of process "in aid of" jurisdiction that is created

by some other source and not otherwise enlarged by the All Writs Act.  In re Tennant, 359 F.3d at

527.

Plaintiffs' reliance on FOIA to support its claim for damages merits little discussion.  It is

well-settled that monetary damages are not available under FOIA.  See Johnson v. Executive

Office for United States Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002) (affirming district court

conclusion that "FOIA . . . provides requesters with the potential for injunctive relief only" and

thus precludes the creation of a damages remedy for the alleged mishandling of a FOIA request);

---

[7]  Even if the request for mandamus relief were not barred by the Anti-Injunction Act, the
Court would dismiss the mandamus claim for failure to state a claim upon which relief can be
granted.  Mandamus relief is available only if "(1) the plaintiff has a clear right to relief; (2) the
defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."
Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005) (quoting Power v. Barnhart, 292 F.3d 781,
784 (D.C. Cir. 2002)); accord In re Medicare Reimbursement Litig., 414 F.3d 7, 10 (D.C. Cir.
2005); Ganem v. Heckler, 746 F.2d 844, 852 (D.C. Cir. 1984).  "[I]f there is no clear and
compelling duty under the statute as interpreted, the district court must dismiss the action."  In re
Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc).  Even if a plaintiff satisfies all three
elements, whether the extraordinary remedy of mandamus should issue remains discretionary.  Id.
Here, plaintiffs have failed to allege a clear and compelling duty to act; the laundry list of statutes
and regulations in the amended complaint fails to indicate the specific duty plaintiffs believe the
United States should be ordered to implement; plaintiffs have failed to demonstrate a clear right to
the relief sought; and they have adequate remedies available through a refund action under 26
U.S.C. § 7422 and an action for damages under 26 U.S.C. § 7433.

Whitfield v. U.S. Dep't of Treasury, 2006 WL 2434923, at *7 (D.D.C. Aug. 22, 2006) (dismissing plaintiff's request for damages under FOIA based on Johnson); see also Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993) (holding that there is no private right of action for money damages under FOIA); Gasparutti v. United States, 22 F. Supp. 2d 1114, 1116 (C.D. Cal. 1998) ("There is no provision under FOIA which provides for an award of money damages for alleged wrongs by federal agencies.").

Finally, plaintiffs also have no claim under the Privacy Act based on alleged unauthorized disclosures by the IRS. This Circuit has held that "§ 6103 [of the Internal Revenue Code], with its detailed framework for access to and disclosure of tax records, preempts the relatively generic provisions of the Privacy Act." Gardner v. United States, 213 F.3d 735, 741 (D.C. Cir. 2000). Thus, "§ 6103 is the exclusive remedy for a taxpayer claiming unlawful disclosure of his or her tax returns and information."[8] Id. at 742 (affirming dismissal of Privacy Act claim under Fed. R. Civ. P. 12(b)(6) where plaintiff's claims were based on IRS disclosures of tax information).

## IV. Replevin

Lastly, plaintiffs seek an order "directing replevin of any and all property taken from [p]laintiff(s) without complete due process of tax law, or compensation at current fair market value." Am. Compl. at 19. Defendant has moved to dismiss this aspect of plaintiffs' complaint on the ground that the request for relief based on replevin should be treated as an action for a refund

---

[8] The amended complaint does not explain the basis of plaintiffs' claims under the Federal Records Act and National Archives Act, nor can the Court discern it. Plaintiffs make a single cursory reference to each of these statutes in the "jurisdiction" section of the amended complaint (see Am. Compl. at 3), but do not otherwise explain which provisions they rely upon to support a cause of action for damages. In any event, as noted earlier, the exclusivity provision of 26 U.S.C. § 7433 precludes a damages claim based on violations of those statutes that occurred in connection with tax collection activity.

of federal taxes, over which the Court lacks subject matter jurisdiction because plaintiffs have not satisfied the statutory prerequisites of paying the tax owed and filing an administrative claim for refund. Def.'s Mem. at 2 n.1.

Plaintiffs oppose defendant's motion on the ground that the requirements of section 7422 may not be applied because they have not relied on section 7422 to support the amended complaint. However, plaintiffs' calculated decision not to reference section 7422 does not control whether that provision -- and its accompanying conditions -- apply. The plain language of section 7422 broadly precludes the exercise of jurisdiction over any suit where recovery of a tax is sought unless an administrative claim for refund has been filed: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . , or of any sum alleged to have been . . . wrongfully collected, until a claim for refund or credit has been duly filed." 26 U.S.C. § 7422(a); see Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1409 (9th Cir. 1998) ("It is well-established that the IRC provides the exclusive remedy in tax refund suits and thus preempts state-law claims that seek tax refunds."). Thus, a court must determine whether the suit seeks recovery of a tax -- or of "any sum . . . wrongfully collected" -- and a court will not defer to a plaintiff's characterization of his suit as not being based on section 7422. See Brennan, 134 F.3d at 1410-11 (rejecting plaintiff's characterization of suit as not seeking a tax refund, because whenever a claimant seeks recovery of a "sum" collected as a tax, the claimant must proceed under section 7422). Accepting a plaintiff's characterization that his suit did not involve a refund because the IRS lacked authority to collect the tax in the first instance "would render § 7422 virtually a dead letter because almost every citizen who seeks a tax refund alleges that the tax was collected without authority." Id. at 1410.

A review of the amended complaint makes it abundantly clear that, under the label "replevin," plaintiffs seek the return of some unspecified property that the IRS seized from plaintiffs while engaged in collection activity. By plaintiffs' own account, this action is based on the IRS' disregard of the Code "while engaged in collection activity regarding plaintiff(s)." Am. Compl. at 1 n.1, 4-5. Moreover, the term "replevin" is defined generally as "[a]n action for the repossession of personal property wrongfully taken or detained by the defendant." BLACK'S LAW DICTIONARY 1325 (8th ed. 2004). Thus, the only plausible reading of plaintiffs' complaint, drawing all inferences in plaintiffs' favor, is that plaintiffs seek the return of some unidentified property -- money or some other item with monetary value -- that the IRS took possession of in the course of engaging in tax collection activity. This is no different than seeking a refund of a "sum alleged to have been . . . wrongfully collected" within the meaning of section 7422(a). Hence, it is within section 7422 and subject to the requirement to file an administrative claim for refund with the Secretary of the IRS.

Plaintiffs do not allege that they have submitted an administrative claim for refund. Their failure to make a showing that they have filed such a claim requires dismissal of the claim for lack of subject matter jurisdiction.[9]  See Comm'r of Internal Revenue v. Lundy, 516 U.S. 235, 240 (1996) (recognizing that section 7422(a) "make[s] timely filing of a refund claim a jurisdictional prerequisite to bringing suit"); Davis, 2006 WL 2687018, at *4 (noting that, unlike the exhaustion requirement in 26 U.S.C. § 7433(d), the exhaustion requirement under section 7422(a) is jurisdictional because of the sweeping language limiting the power of the court to entertain the

---

[9]  Defendant also contends that any relief based on replevin is precluded by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. In response, plaintiffs assert that their action for damages is based on 26 U.S.C. § 7433. Pls.' Mem. at 3. Therefore, the Court will not reach the FTCA issue.

claim absent exhaustion); <u>Erwin</u>, 2006 WL 2660296, at *10 (holding that the exhaustion requirement is jurisdictional); <u>Lindsey</u>, 2006 WL 2413720, at *18 (same).

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court will grant defendant's motion to dismiss plaintiffs' amended complaint.  A separate order has been issued on this date.

_____/s/_____
JOHN D. BATES
United States District Judge

Date:  November 10, 2006